1  BARRY J. PORTMAN
   Federal Public Defender
2  GEOFFREY A. HANSEN
   Chief Assistant Federal Public Defender
3  19th Floor Federal Building – Box 36106
   450 Golden Gate Avenue
4  San Francisco, CA 94102
   Telephone:  (415) 436-7700
5
   Counsel for Defendant ROMANO
6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )      No. CR-07 - 798 MHP
                                       )
12                  Plaintiff,         )      DEFENDANT'S SENTENCING
                                       )      MEMORANDUM
13  vs.                                )
                                       )
14  DONALD BRENT ROMANO,               )
                                       )
15                  Defendant.         )
    _____)

16

17       The Probation Officer correctly notes that almost 30 years ago, the defendant was

18  convicted of a drug charge.  Due to the arbitrary nature of the sentencing guidelines, that 30

19  year-old conviction adds three points to Mr. Romano's criminal history score because he served

20  time within 15 years of the commencement of the instant offense, which began in 1994.  The

21  defendant appreciates the recommendation of the Probation Officer that this offense overstates

22  the seriousness of Mr. Romano's prior criminal history, and that the defendant be sentenced to

23  36 months in custody.  He sadly notes that he cannot join that recommendation because the plea

24  agreement prevents him from making any request for a downward departure, except for the

25  departure based upon his exceptional efforts to make sure the victim was paid back for the

26  money he lost.

SENTENCING MEMO                        1

1    With respect to that downward departure, the Government has indicated that it is satisfied

2  with Mr. Romano's cooperation with the victim, and believes a departure is warranted.  The

3  defendant fully agrees.

4    Mr. Romano has done everything he could to make sure that the victim in this case is

5  made whole.  Soon after this criminal investigation began and after entering his plea, Mr.

6  Romano sought to transfer any and all assets in his possession to the victim.  He engaged in

7  incredibly caustic meetings with the victim's attorneys, and underwent depositions in the civil

8  proceedings which had been filed by the victim.  The Government's statement that at times the

9  proceedings were "acrimonious" is an understatement beyond words.  Nonetheless, Mr. Romano

10  did what he had to do to execute agreements and comply with requests from the victim's

11  attorneys to assure that the victim got his money back.  To provide but one example, Mr.

12  Romano had an interest in various partnerships which owned property, and the victim claimed

13  that these partnership interests were something which Mr. Romano had to turn over to the

14  victim.  Although very real legal issues existed relating to Mr. Romano's partnership interests

15  and the victim's right to these interests, Mr. Romano fully agreed to relinquish those interests

16  assuming the fair market value of the interests was credited to the restitution calculation.  What

17  then happened was that the victim's counsel refused to release certain documentation relating to

18  the value of some of the partnerships, and resisted any efforts by Mr. Romano to review

19  paperwork which could have established that value.  Eventually, in an effort to avoid having this

20  court having to hold an extended and extremely complicated hearing on the amount of restitution

21  still owed the victim, Mr. Romano accepted a restitution figure which all parties agreed to as a

22  final settlement amount.  But getting there was a nightmare, particularly because Mr. Romano

23  was not represented in these civil proceedings.  But there is no doubt that Mr. Romano engaged

24  in extraordinary efforts to pay back the victim.

25    For these reasons, and considering all of the sentencing factors which exist in this case, a

26  downward departure is appropriate.  Mr. Romano is a elderly man who will get out of prison and

SENTENCING MEMO                                  2

1  have to start his life from scratch.  He has given up everything he had to the victim, including his

2  house, his furniture, his cars, and everything else of value he has owned.   He is prepared to

3  accept whatever sentence this court deems is appropriate, and merely asks for the court to extend

4  him some degree of leniency for his actions.

5

6  Dated: July 15, 2007

7                                          Respectfully submitted,

8                                          BARRY J. PORTMAN
                                           Federal Public Defender
9
                                                    /s
10
                                           GEOFFREY A. HANSEN
11                                         Chief Assistant Federal Public Defender

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SENTENCING MEMO                                 3